11-2738
*Steve Yu v. New York City Housing Development Corporation, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of August, two thousand twelve.

PRESENT:

>JOSÉ A. CABRANES,
>CHESTER J. STRAUB,
>PETER W. HALL,
>
>              *Circuit Judges.*

_____

STEVE YU,

>              *Plaintiff-Appellant,*

>       v.                                                         No. 11-2738-cv

NEW YORK CITY HOUSING DEVELOPMENT CORPORATION,
PELLEGRINO MARICONDA, in his individual and official
capacities,

>              *Defendants-Appellees.*[1]

_____

**FOR PLAINTIFF-APPELLANT:**          RICK OSTROVE, Leeds Morelli & Brown, P.C., Carle Place, NY.

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

**FOR DEFENDANTS-APPELLEES:**  DEAN L. SILVERBERG (Anna A. Cohen, *on the brief*), Epstein, Becker & Green PC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Steve Yu appeals from two orders of the District Court, the first imposing sanctions on him for discovery violations, and the second granting summary judgment in favor of the defendants on his claims of age, race, and national-origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, 42 U.S.C. §§ 1981 & 1983, the New York State Human Rights Law, N.Y. Exec. Law § 290 ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL").[2]

We assume the parties' familiarity with the facts and procedural history of the case, as well as the issues on appeal. The thrust of Yu's complaint, which was filed *pro se*,[3] is that his former employer, the New York City Housing Development Corporation ("HDC"), and his supervisor at the HDC, Pellegrino Mariconda, discriminated against him on the basis of his race, national origin, and age by giving him unfavorable work assignments, denying him a promotion to a position as a permanent employee, and ultimately discharging him, allegedly in retaliation for his complaining about his discriminatory treatment.

In a 116-page Report and Recommendation ("R&R") dated March 15, 2011, Magistrate Judge Michael H. Dolinger carefully and exhaustively examined the plaintiff's claims in light of the record developed by the parties during discovery and recommended that those claims be dismissed. The District Court adopted the R&R, dismissing all of Yu's claims, by order of June 3, 2011. Yu timely appealed, with the assistance of able counsel.

---

[2] The District Court also dismissed Yu's claims of violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 *et seq.*, and 42 U.S.C. § 1985, but Yu does not appeal the dismissal of these claims.

[3] Yu represented himself throughout the District Court proceedings, but he is represented by counsel on appeal.

**I.     The District Court Properly Entered Summary Judgment in Favor of the Defendants**

We review an order granting a motion for summary judgment *de novo*, viewing the facts in the light most favorable to the losing party. *Cellular Tel. Co. v. Town of Oyster Bay*, 166 F.3d 490, 492 (2d Cir. 1999). We will affirm if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Following an independent, *de novo* review of the record, we conclude that the District Court properly granted the defendants' motion for summary judgment, and thus affirm its judgment, substantially for the reasons set forth in the magistrate judge's careful and comprehensive R&R.

*A.     The District Court Properly Dismissed Plaintiff's Failure-to-Promote Claims*

To establish a *prima facie* case of discriminatory failure to promote under Title VII, a plaintiff ordinarily must demonstrate that: "(1) [he] is a member of a protected class; (2) [he] applied and was qualified for a job for which the employer was seeking applicants; (3) [he] was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Estate of Hamilton v. City of New York*, 627 F.3d 50, 55 (2d Cir. 2010) (quotation marks omitted).[4]

Under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), once a plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* at 802. If the employer satisfies its burden of providing a legitimate reason, then the plaintiff must show that the reasons presented were not the employer's "true reasons," but were instead a "pretext for discrimination." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 499 (2d Cir. 2009) (internal quotation marks omitted). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). The analysis is similar under the ADEA, except that "'a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove . . . that age was the "but-for" cause of the challenged adverse employment action' and not just a contributing or motivating factor." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)).

---

[4] Of course, the fourth element is also established if the employer fills the position with "a person outside the protected class who was similarly or less qualified than" the plaintiff. *Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010).

We assume, as the magistrate judge held, that Yu established (if "barely") a *prima facie* case of discriminatory failure to promote. However, the record clearly establishes that the defendants met their burden of articulating legitimate, nondiscriminatory reasons for promoting another candidate instead of Yu, and that Yu failed to meet his burden of showing that these were pretextual in nature and that discriminatory animus was the real reason for the actions. Specifically, defendants demonstrated that the reason Yu was not promoted to a full-time position as an "Oracle Apps" database administrator, despite having technical qualifications for the position, was that the position required strong communications, interpersonal, and leadership skills, and that the candidate who was promoted possessed these attributes while, in the judgment of his employers, Yu did not. We do not second-guess his employer's decision in this regard, provided that it was not based on discrimination. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001) ("'[The court's] role is to prevent unlawful hiring practices, not to act as a "super personnel department" that second guesses employers' business judgments.'" (parenthetically quoting *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1330 (10th Cir.))). We are satisfied that it was not.

Upon a *de novo* review of the summary judgment record, we conclude that no reasonable jury could find that the proffered reasons for passing over Yu were pretextual and that the real reason was discriminatory animus. Accordingly, we affirm the District Court's order granting summary judgment in the defendants' favor with respect to Yu's failure-to-promote claims under Title VII and the ADEA.[5]

### B.     *The District Court Properly Dismissed Plaintiff's Retaliation Claims*

To establish a prima facie claim of retaliation under Title VII, a plaintiff must show that: "(1) [he] was engaged in an activity protected under Title VII; (2) the employer was aware of [the] plaintiff's participation in the protected activity; (3) the employer took adverse action against [the] plaintiff; and (4) a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer." *Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir. 2003) (quotation marks omitted). As with a failure-to-promote claim, if the plaintiff succeeds in establishing his *prima facie* case of retaliation, then the familiar *McDonnell Douglas* burden-shifting framework applies. *See Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010).

---

[5]  In his brief on appeal, Yu acknowledges that his "failure to promote national origin discrimination claims under § 1981, 1983, NYSHRL, and NYCHRL are analyzed the same as under Title VII" and therefore "requests [that we] reverse the district court's grant of summary judgment on these claims as well." Appellant's Br. at 39 n.13. For the reasons stated above, we affirm the District Court's judgments with respect to Yu's § 1981, § 1983, NYSHRL, and NYCHRL claims as well.

Yu argues that he was fired in retaliation for saying that he was passed over for promotion on account of his national origin and age. The defendants, however, proffered legitimate, nondiscriminatory reasons for his discharge, namely that: (1) he spoke to his coworkers and his supervisor in an unprofessional manner; (2) he failed to complete projects assigned to him; (3) he did not work well with others, particularly on team projects; (4) he did not communicate well; and (5) he failed to follow instructions and often deviated from assigned tasks and questioned the work of others, while failing to complete his own. Upon a *de novo* review of the record, we agree with the District Court that Yu failed to show that these reasons were pretextual and thus failed to bear his ultimate burden of proving that he was fired in retaliation for complaining about discrimination.

## II.     The District Court's Order Imposing Discovery Sanctions Was Not an Abuse of Discretion

Prior to moving for summary judgment, during the course of discovery, defendants moved to dismiss the complaint under Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure as a sanction for Yu's refusal to comply with discovery requests and his disregard of the court's discovery orders. In a separate R&R to the District Court, dated February 23, 2010, Magistrate Judge Dolinger declined to recommend dismissal of the complaint, and instead recommended lesser sanctions, including prohibiting Yu from pursuing a claim for back pay. The District Court adopted this recommended sanction by order of March 25, 2010.

"A trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992). In light of the documented history of Yu's cavalier attitude toward his discovery obligations, the limited sanctions imposed in this case were not an abuse of the wide discretion enjoyed by the District Court in its handling of pre-trial discovery.

## CONCLUSION

We have considered all of Yu's arguments on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the District Court's March 25, 2010, sanctions order as well as its June 3, 2011, judgment dismissing Yu's complaint in its entirety.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5