13-4824-cv
*Chiang v. Donahoe*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KUO R. CHIANG,

  *Plaintiff-Appellant,*

  -v.-            No. 13-4824-cv

PATRICK R. DONAHOE, POSTMASTER GENERAL OF THE UNITED STATES OF AMERICA,

  *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JONATHAN THOMAS TREXLER, Trexler Law, P.C., New York, N.Y. |
| **FOR DEFENDANT-APPELLEE:** | CHRISTOPHER K. CONNOLLY (Emily E. Daughtry, *on the brief),* Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y. |

Appeal from the October 28, 2013 judgment of the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the October 28, 2013 judgment of the District Court is **AFFIRMED**.

Plaintiff Kuo R. Chiang appeals the judgment of the District Court granting the defendant's motion for summary judgment on all claims. Chiang contends that the District Court erred in deciding that no genuine dispute of material fact remains as to his claim of retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. We assume the parties' familiarity with the facts and procedural history of the case, as well as the issues on appeal.

## DISCUSSION

We review an order granting a motion for summary judgment *de novo,* viewing the facts in the light most favorable to the losing party. *Cellular Tel. Co. v. Town of Oyster Bay,* 166 F.3d 490, 492 (2d Cir. 1999). We will affirm if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

When determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, the nonmoving party "must come forward with 'specific facts showing that there is a *genuine issue for trial,'*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986), and "may not rely on conclusory allegations or unsubstantiated speculation," *Jeffreys v. City of New York,* 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks omitted). "[S]peculation alone is insufficient to defeat a motion for summary judgment." *McPherson v. N.Y.C. Dep't of Educ.,* 457 F.3d 211, 215 n.4 (2d Cir. 2006). Rather, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson,* 477 U.S. at 256.

Title VII contains an anti-retaliation provision, which makes it unlawful for an employer to discriminate against an employee for opposing any practice made unlawful by Title VII. 42 U.S.C. § 2000e–3(a); *see id.* § 2000e-16. To establish a *prima facie* claim of retaliation under Title VII, an employee must show that: "(1) [ ]he was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012).

2

Under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), once a plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer "to articulate a legitimate, non-retaliatory reason for the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). If the employer satisfies its burden of providing a legitimate reason, then the plaintiff must then demonstrate that the proffered reason is pretext for retaliation and that, more generally, the plaintiff's "protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013).

To rise to the level of material adversity, the employer's action must have been sufficiently severe in context to permit a trier of fact to conclude that "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006) (internal quotation marks omitted). Actions that are "trivial harms"—*i.e.,* "those petty slights or minor annoyances that often take place at work and that all employees experience"—are not materially adverse. *Id.* As the Court reminded us in *Burlington,* Title VII does not set forth "a general civility code for the American workplace." *Id.*

Chiang contends that he was subject to numerous acts of retaliation. In all but one of these acts, plaintiff's alleged harms fell well below the standard for material adversity as envisaged by the Supreme Court in *Burlington. Id.*

For example, Chiang contends that his denied request for an hour of same-day annual leave just before a holiday weekend demonstrated retaliation by the United States Postal Service ("USPS"). But a one-time denial of leave is not materially adverse, particularly when every other leave request made by the plaintiff since the conclusion of his prior lawsuit has been granted. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 26 (2d Cir. 2014) (affirming summary judgment on employee's retaliation claim predicated, in part, on employer's "one-time refusal to give [plaintiff] a half-day off for a doctor's appointment").

Similarly, another of Chiang's principal retaliation claims involved mere workplace disputes with no materially adverse consequences. Chiang argues that his treatment by Harkeim Wray during two episodes involving work property and one incident involving an ambiguous remark by Wray—in conjunction with management's inadequate response to those incidents—reaches the threshold for material adversity. These ordinary workplace incidents are exactly the type of claims that the *Burlington* Court sought to exclude from Title VII retaliation cases. *Burlington,* 548 U.S. at 68 ("[P]ersonality conflicts at work that generate antipathy and snubbing by supervisors and co-workers are not actionable…." (internal quotation marks omitted) (quoting 1 Barbara Lindemann & Paul Grossman, Employment Discrimination Law 669 (3d ed. 1996))); *Martinez v. N.Y.C. Dep't of Educ.,*

No. 04–CIV–2728 (LTS)(DFE), 2008 WL 2220638, at *12 (S.D.N.Y. May 27, 2008) ("[I]ncidents where [supervisor] publicly yelled at [plaintiff] for various reasons or called him 'shit' . . . constitute, as a matter of law, the sorts of petty slights and personality conflicts that are not actionable."). Moreover, USPS management acted responsibly by thereafter directing Wray to leave his truck at a different station to minimize the chance of another run-in with Chiang without supervisors being present.

The defendant's permanent removal of one of Chiang's route stops poses the closest material adversity question. Yet, with regard to this claim, the plaintiff failed to rebut USPS' non-discriminatory reason for reassigning him. During this episode, Ladonna Hutchins, a mail carrier, requested that Chiang be removed as driver from one of her delivery locations for his refusal to drop off mail bags inside a residential building on East 86th Street in Manhattan. Gilberto Gomez, Chiang's supervisor, noted that Hutchins also verbally protested that Chiang was not leaving the mail in the building and that she complained of "having . . . physical problems that were causing her a hard time to be able to pull the relays from the relay box and drag them into the building." Gomez thereafter removed Chiang from that relay stop but, a few months later, offered to have the stop reassigned to him if he would leave the mail bags in the building. At that point, the relay box in front of the building had been removed due to construction efforts. Chiang, citing security concerns, refused and therefore was not reassigned the stop.

Even if the plaintiff established that his harm in this instance was materially adverse, the defendant met its burden of articulating "some legitimate, nondiscriminatory reason" for removing Chiang from the stop on East 86th Street. *McDonnell Douglas Corp.*, 411 U.S. at 802; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (stating that defendants' burden—to produce evidence of a legitimate reason—is "one of production, not persuasion" that "can involve no credibility assessment"). After the burden shifted back to Chiang, he failed to offer evidence that Gomez's offer to reassign him the relay provided he delivered the mail bags to the building was a pretext for a discriminatory act. Plaintiff had a choice and he chose not to get his original route back.[1] In doing so, he failed to bear his ultimate burden of proving that he lost his route—and thus suffered some arguable material harm—in "retaliation for complaining about discrimination." *Yu v. N.Y.C. Hous. Dev. Corp.*, 494 F. App'x 122, 126 (2d Cir. 2012) (rejecting employee's retaliation claim for failure to show that employer's reasons were pretextual).

---

[1] While Chiang contends that security concerns required him to leave the mail bags in the relay box, management clearly assured the defendant that their preference for placing the mail in the building was "management's decision"—a low threshold at that—and that he would not face any consequences if he complied with their preference. Moreover, as the District Court noted, it is not our role to second-guess classic business judgments such as where and how the USPS should drop off its mail. *Yu v. N.Y.C. Hous. Dev. Corp.*, 494 F. App'x 122, 125 (2d Cir. 2012) ("[The court's] role is to prevent unlawful hiring practices, not to act as a super personnel department that second guesses employers' business judgments.") (internal quotation marks omitted).

4

Finally, defendant's actions in the aggregate also fail to provide a basis for a reasonable jury to conclude that Chiang was subjected to materially adverse employment actions. Despite detailing a plethora of "petty slights" and "minor annoyances," Chiang does not describe a situation, even when viewed in the aggregate, that would deter a reasonable employee from engaging in protected activities. *Burlington,* 548 U.S. at 68. "Zero plus zero is zero." *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 572 (2d Cir. 2011) (internal quotation marks omitted).

## CONCLUSION

We have considered all of plaintiff's arguments and find them to be without merit. For the reasons set out above, the appeal from the October 28, 2013 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court