Patel v. City of New York et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of October, two thousand seventeen.

Present:     JON O. NEWMAN,
             GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                     *Circuit Judges.*
_____

PIYUSH PATEL,

          *Plaintiff-Appellant*,

                                                    16-3633-cv

          v.

THE CITY OF NEW YORK, THOMAS DEPIPPO, JOSEPH
A. SANTINO, ANNA COLARES, JOHN AND JANE DOE,
said names being fictitious, the persons intended being those
who aided and abetted the unlawful conduct of the named
defendants,

          *Defendants-Appellees*.
_____

Appearing for Appellant:     Samuel O. Maduegbuna, Maduegbuna Cooper LLP, New York, NY.

Appearing for Appellee:      Diana Lawless, Assistant Corporation Counsel (Devin Slack, Susan P. Greenberg, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Preska and Cedarbaum, *JJ.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Piyush Patel appeals from two orders and a judgment entered by the United States District Court for the Southern District of New York (Preska and Cedarbaum, *JJ.*) granting defendants' motion for summary judgment with respect to his claims of employment discrimination and retaliation in violation of 42 U.S.C. §§ 1981 and 1983, the New York City Human Rights Law ("City HRL"), and the New York State Human Rights Law. *See Patel v. City of New York*, No. 12 CIV. 6312, 2013 WL 2284883 (S.D.N.Y. May 17, 2013); *Patel v. City of New York*, No. 12-CV-6312, 2016 WL 6820943 (S.D.N.Y. Sept. 29, 2016).

Patel claims that defendants failed to promote him because of his race and national origin, and that they also retaliated against him for exercising his rights under provisions of anti-discrimination law. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

## 1. Failure-to-Promote Claims

"[C]laims for race and national origin discrimination under Sections 1981 and 1983 are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)." *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). Under the *McDonnell Douglas* framework, "a plaintiff must first establish a *prima facie* case of discrimination." *Id.* "Once a plaintiff meets th[e] initial burden, the burden then shifts to the defendant to offer a legitimate nondiscriminatory reason" for the alleged discriminatory action. *Id.* at 492. "If defendant does so, the burden returns to the plaintiff to show that the real reason for [the alleged discriminatory action] was…race and national origin." *Id.*

In the failure-to-promote context, a plaintiff ordinarily must demonstrate the following elements to make out a prima facie case:

> (1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications.

*Estate of Hamilton v. City of New York*, 627 F.3d 50, 55 (2d Cir. 2010). "Of course, the fourth element is also established if the employer fills the position with a person outside the protected class who was similarly or less qualified than the plaintiff." *Yu v. New York City Hous. Dev. Corp.*, 494 F. App'x 122, 125 n.4 (2d Cir. 2012) (internal quotation marks omitted).

In this appeal, Patel challenges his lack of promotion to three positions. Two were promotions received by Anna Colares, a Caucasian woman. Colares was promoted in March of 2009 to Executive Assistant/Project Manager to the Deputy Commissioner of the City's General

2

Support Services. Subsequently, Colares was promoted to Executive Director of Space & Design. The third was Antonio Cinquepalmi's promotion from Construction Project Manager II to Construction Project Manager III, a position with the working title of "Chief Construction Project Manager."

As to the second promotion, Patel presents no evidence demonstrating that he applied for the position of Executive Director of Space & Design, or that the City failed to post a notice about the availability of the position, which would relieve him of the obligation to apply. *See Mauro v. S. New England Telecommunications, Inc.*, 208 F.3d 384, 387 (2d Cir. 2000). Thus, Patel fails to make a prima facie claim that the City discriminated in promoting Colares to the position instead of him.

As to the first and third promotions, even if we were to find that Patel made a prima facie showing, he fails to rebut the City's legitimate, nondiscriminatory reason for hiring Colares and Cinquepalmi instead of him, chiefly because he has not demonstrated that his qualifications were comparable to those of the other two candidates.

Regarding Colares's promotion to Executive Assistant/Project Manager, Patel's argument that he is more qualified than Colares rests on the claim that he was more experienced. We have held, however, that greater experience cannot alone establish that a candidate's qualifications are so superior to another's that the employer's hiring decision may be found to have been discriminatory. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 104 (2d Cir. 2001). And Patel fails to provide other evidence that could create an inference of discrimination even if it were true that his qualifications equaled Colares's.

Second, we are not persuaded that Patel was qualified for Cinquepalmi's position. City paperwork stated that the person entering the position would be "responsible for assisting the Director in overseeing one or more major . . . construction/renovation projects . . . that address health and safety issues." App'x at 1024. It further mentioned one of the position's roles as "evaluating reports of hazardous conditions." App'x at 1024. Significantly, the paperwork noted Cinquepalmi's Master of Science degree in Environmental and Occupational Health Science, and his Asbestos licenses. By contrast, Patel has not suggested that he has expertise with hazardous substances or health and safety issues. Nor has he demonstrated that the City's materials describing the position were inaccurate.

**2. Retaliation Claims**

Patel claims that the City retaliated against him due to an email he sent in 2009, and because of his filing of this lawsuit.

Retaliation claims are subject to the *McDonnell Douglas* scheme as well. *Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 70 (2d Cir. 2015). "To make out a prima facie case of retaliation, an employee must show that the employee was engaged in protected activity; that the employer was aware of that activity; that the employee suffered adverse employment decisions; and that there was a causal connection between the protected activity and the adverse employment action." *Collins v. New York City Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002).

"Protected activity" is an assertion of rights covered by the provision of law under which the plaintiff is suing. *See Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 693 (2d Cir. 1998) ("[T]o be actionable under § 1981, the retaliation must have been in response to the claimant's assertion of rights that were protected by § 1981. An act of retaliation for engaging in activity protected by Title VII does not give rise to a claim for retaliation that is cognizable under § 1981 unless that activity was also protected by § 1981." (citations omitted)); *see also Ya-Chen Chen*, 805 F.3d at 70 (Title VII).

Patel's 2009 email did not constitute protected activity because it does not discuss discrimination on the basis of race or national origin. The email clearly suggests that any negative action was based on animus toward Patel in particular, not toward a racial or national group. The email states, for example, that "I am the only person left out with adverse personal action against me." App'x at 958. Moreover, the email cites "civil service law section seventy five," which protects employees from retaliation for exposing government legal violations, not from discrimination based on race or national origin. *See* N.Y. Civ. Serv. Law § 75-b. The only way that the email arguably relates to Patel's claim lies in his assertion that the City's treatment of him "is clearly discrimination and or retaliation with me." App'x at 958. However, the words "discrimination and or retaliation" need not refer to animus based on race or national origin, and do not appear to do so here when viewed in the context of the full email.

Patel's retaliation claims based on his filing of this lawsuit fare no better. Patel contends that the City retaliated because (1) his supervisors evaluated his performance as "good" when in past years it was "very good," even though, upon his protestation, he was rated "very good," and (2) his supervisor placed a disciplinary memorandum in his file in 2014. An "adverse action" sufficient to support a retaliation claim is one that is "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57, 126 S. Ct. 2405, 2409, 165 L. Ed. 2d 345 (2006). We do not see how the supervisors' ultimate assignment of the rating Patel requested was "harmful" in this way. And the disciplinary memorandum does not demonstrate retaliation, both because Patel admitted that others were disciplined for similar actions, and because it was remote in time from relevant events in this suit.

Finally, we do not evaluate Patel's arguments pertaining to the City HRL, because as the City argues, and Patel does not dispute, he failed to raise these arguments in a sufficient manner before the district court. In civil cases, "[i]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal," with exceptions inapplicable here. *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK